UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| SCOTTY BOLDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2:16-CV-225-TWP-MCLC |
| | ) | |
| CLAIBORNE COUNTY DETENTION | ) | |
| CENTER, DR. ROSE, LARRY MARTIN, | ) | |
| WAYNE LEE RHEA, and NURSE | ) | |
| TERESA COFFEY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

Acting pro se, Scotty Boldon, a prisoner housed in the Claiborne County Detention Center ("CCDC") in New Tazewell, Tennessee, brings this pro se civil rights action under 42 U.S.C. § 1983 [Doc. 2]. Plaintiff has not tendered the full filing fee and, instead, has applied for leave to proceed *in forma pauperis* [Doc. 1].[1] Because Plaintiff is an inmate in the CCDC, he is **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at any institution where he may be confined in the future which has an existing inmate trust fund account system is **DIRECTED** to submit to the

---

[1] Plaintiff has not submitted a certified copy of his inmate trust account statement, as required by 28 U.S.C. § 1915(a)(2). However, the "Certificate" section of Plaintiff's *in forma pauperis* application shows that Plaintiff possesses no funds in an inmate trust account because, according to Plaintiff, the CCDC offers no "account services" for inmates and has no established inmate trust fund account system [Doc. 1 p.3]. Prior cases filed by CCDC prisoners seemingly support Plaintiff's representation as to the nonexistence of inmate trust accounts at the CCDC. *See Williams v. Claiborne Cnty. Jail*, No. 3:14-CV-557 (E.D. Tenn. Feb. 19, 2015); *Smallwood v. Wade*, No. 3:14-CV-79 (E.D. Tenn. Apr. 18, 2014); *Williams v. Sullivan Cnty. Jail*, No. 2:13-CV-312 (E.D. Tenn. Apr. 13, 2015). Therefore, because CCDC inmates are not provided with trust fund accounts, there is no trust fund account for which Plaintiff could submit any such a statement.

Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this order to the Sheriff of Claiborne County, Tennessee, and to the CCDC Jail Administrator to ensure that a copy of this order is placed in Plaintiff's jail record and that it will follow him if he is transferred to another correctional facility. The custodian of Plaintiff's inmate trust account at any future place of confinement which maintains inmate trust fund accounts is expected to comply with that portion of the Prison Litigation Reform Act relating to payment of the filing fee, as set forth in this order. The Clerk is further **DIRECTED** to forward a copy of this order to the Court's financial deputy.

Plaintiff claims, in his complaint, that Defendant officers and medical care providers at the CCDC have denied him necessary emergency medical services and treatment, resulting in his suffering from emotional and mental stress and deteriorating health [Doc. 2 pp. 3-6]. Plaintiff requests compensatory and punitive damages; the initiation of criminal proceedings against Defendants, if warranted; and admissions, on the part of Defendants, that they were intentionally neglectful toward him [*Id*. at 7].

A civil rights action may be filed in the judicial district in which any defendant resides, if all defendants reside in the same state, or in which a substantial part of the acts or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or a judicial district in which the defendants are subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action may otherwise

be brought. 28 U.S.C. § 1391(b)(1)-(3). A federal district court may transfer a civil action to any district or division where it could have been filed originally. 28 U.S.C. § 1404(a). The events which occasioned this lawsuit occurred at the CCDC, which is located in New Tazewell, Tennessee, in Claiborne County, Tennessee, which, in turn, lies within the Northern Division of this district. 28 U.S.C. § 123(a)(1). Defendants, according to the complaint, are all officials and health care providers employed at the CCDC. The events out of which Plaintiff's claims arose occurred in the CCDC.

The Court therefore concludes that this case more properly belongs in the United States District Court for the Eastern District of Tennessee at Knoxville, which comprises the Northern Division, and accordingly will order that this action be transferred to that division, "in the interest of justice." *See* 28 U.S.C. § 1406(a).

**AN APPROPRIATE ORDER WILL ENTER**.

    s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE